**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cv-23695-KMM

GERALD Y. BOUHANA,

      Plaintiff,

v.

ALEJANDRO MAYORKAS,
*Secretary of the U.S. Department of*
*Homeland Security*, *et al*.,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss for Mootness (ECF No. 13), which represents that this action is moot. Plaintiff did not file a response in opposition, and the time to do so has passed. This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge for a Report and Recommendation on any dispositive matters. (ECF No. 5). Having reviewed the Motion, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 13) be **GRANTED.**

**I.      DISCUSSION**

The jurisdiction of federal courts is limited by Article III of the Constitution to "cases" and "controversies." *Christian Coal. Of Fla., Inc. v. United States*, 662 F. 3d 1182, 1189 (11th Cir. 2011). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1975)). Moreover, a plaintiff must demonstrate an injury in fact that is

1

redressable by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "Mootness arises when an issue presented in a case is 'no longer live or the parties lack a legally cognizable interest in the outcome.'" *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F. 3d 1257, 1267 (11th Cir. 2020) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F. 3d 1330, 1336 (11th Cir. 2001).

In the instant case, Plaintiff seeks an order compelling Defendants to adjudicate his pending Form N-400, Application for Naturalization, requesting naturalization under section 316 of the Immigration and Nationality Act filed by Plaintiff Gerald Y. Bouhana with the United States Citizenship and Immigration Services. (ECF No. 1). The Court granted the Parties' Joint Motion to Remand Petition for Naturalization (ECF No. 12) and ordered USCIS to adjudicate Plaintiff's Form N-400, Petition for Naturalization, within forty-five days of the date of January 30, 2024. On March 15, 2024, USCIS denied Plaintiff's Application for Naturalization (ECF No. 13-1). Plaintiff has failed to respond to this Motion, and therefore, the Court agrees that this case is moot.

## II.    RECOMMENDATIONS

Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss for Mootness (ECF No. 13) be **GRANTED, without prejudice**.

The undersigned further **RECOMMENDS** that Plaintiff's Complaint (ECF No. 1) be **DISMISSED, without prejudice**, for lack of subject matter jurisdiction because the case is moot.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and

Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C).

 **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 28th day of June, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE